UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

MARY HEBBARD

   v.                                                                Civil No.  24-cv-215-LM-TSM

CITY OF DOVER, NEW HAMPSHIRE, ET AL.

   v.

MARY HEBBARD AND RICHARD HEBBARD

**REPORT AND RECOMMENDATION**

Mary Hebbard, proceeding pro se, sued in state court against the City of Dover and other defendants in 2019, challenging excavation work being done on a road that abutted the Hebbards' property. During the litigation, Dover brought counterclaims against Hebbard and her husband, Richard Hebbard; the New Hampshire Department of Fish and Game ("Department") intervened in the action, and other defendants were dismissed. Doc. no. 6-8. The Hebbards' claims were resolved in the New Hampshire Superior Court, largely in favor of Dover. Id. The Hebbards appealed that result to the New Hampshire Supreme Court, which affirmed the Superior Court's decision. Doc. no. 6-9. The Hebbards then moved for reconsideration of the New Hampshire Supreme Court's decision, and while that motion was pending, filed a notice of removal in this court. Doc. no. 1.

Dover moves to remand the case to the New Hampshire Supreme Court, and the Department joined that motion. Doc. nos. 6 & 12. The Hebbards move to strike the motion to remand and object to remand. Doc. nos. 14, 15, & 16. The Hebbards also responded to the Department's joinder in the motion to remand. Doc. nos. 83 & 84. The motions are referred to the undersigned magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B);

LR 72.1. For the following reasons, the district judge should deny the Hebbards' motion to strike and grant the motion to remand.

## DISCUSSION

### I. **Motion to Strike**

The Hebbards move to strike Dover's motion to remand based on perceived failures to comply with the local rules of this court and other perceived errors.[1] They challenge the Department's joinder in the motion to remand on similar grounds. The issues the Hebbards raise are either not failures to comply with the rules, not errors, or are so minor in the context of this case as not to require developed attention. For example, the Hebbards note that Dover failed to provide page numbers in the motion to remand, but that omission did not impair the court's consideration of the seven-page motion. They also contend that Dover used more than five words in describing some exhibits, which, to the extent that occurred, was only a minor deviation from the rule without adverse effect. Indeed, although the Hebbards identify some technical violations, they fail to demonstrate any prejudice resulting from such violations, and the court finds none.

---

[1] The Hebbards argue that the court cannot take judicial notice of certain filings in the state court proceedings, which Dover filed as exhibits to support the motion to remand, because they were not dispositive decisions issued by the state court. Dover cites the state court filings merely to provide background information about the proceedings in state court but not to establish adjudicative facts. See Fed. R. Evid. 201. In addition, the Hebbards had not then filed the state court record, which they were required to do within 14 days of filing the notice of removal, Local Rule 81.1(c), and Dover appropriately relied on that obligation in citing filings from the state court proceedings. The Hebbards have now filed the state court record, making any issue of judicial notice moot.

The Hebbards also contend that Dover's motion is not in compliance with Local Rule 7.1(a)(2) because Dover did not file a supporting memorandum of law. Contrary to the Hebbards' argument, Dover provided an adequate explanation for not filing a memorandum of law in support of the motion to remand. LR 7.1(a)(2). The Hebbards' similar or identical issues raised in their response to the Department's notice of joinder in the motion to remand do not merit further discussion.

Accordingly, the district judge should excuse any noncompliance with the local rules in the interest of justice, Local Rule 1.3(b), and should deny the motion to strike.

## II. Motion to Remand

Dover, joined by the Department, moves to remand the case to the New Hampshire Supreme Court on the grounds that the notice of removal does not comply with 28 U.S.C. § 1441(a), which allows removal by a defendant but not by a plaintiff or a third-party defendant and that removal is untimely under 28 U.S.C. § 1446(b)(1). Dover also contends that the court lacks subject matter jurisdiction. In response, the Hebbards argue that the word "defendant" includes Richard Hebbard, because he is a third-party defendant, that their notice of removal was timely, and that subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1367.[2] The district judge should grant the motion to remand because the Hebbards cannot remove the state court action to this court and have not shown that federal question jurisdiction exists.[3]

---

[2] Dover brought a counterclaim against Mary Hebbard and added Richard Hebbard as a third-party defendant. Doc. no. 6-4, at 2. The Hebbards argue, for purposes of removal, that Richard Hebbard's status as a third-party defendant allows them to remove the case from state court to this court. Doc. no. 16, at 3-4; doc. no. 84, at 5-6.

[3] The timeliness issue need not be addressed in detail because the Hebbards, as the plaintiff, counterclaim defendant, and third-party defendant, cannot remove the action from state court. Nevertheless, the notice of removal was not timely filed. A notice of removal must be filed by the defendant within 30 days after the defendant receives the initial pleading, is served with the summons, or receives an amended pleading or other paper that first shows that the case is or has become removable. § 1446(b)(1) & (3). The Hebbards claim that they knew that their federal rights were implicated based on the Superior Court's order dated March 31, 2022, but they waited until after the New Hampshire Supreme Court issued its affirmance of that decision to file their notice of removal on July 17, 2024. As such, remand is also necessary because the notice of removal is untimely.

A. <u>Defendant</u>

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the <u>defendant or defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending." § 1441(a) (emphasis added). As is plainly stated in the statute, only defendants in a state civil action may remove the case to federal court, and "defendant" as used in the statute means only "the party sued by the original plaintiff." Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437 (2019). For that reason, neither a plaintiff, nor a counterclaim defendant, nor a third-party defendant may remove a state court action to federal court. Id. at 441, 442-43; Rumford Free Catholic Library v. Town of Rumford, Case No. 20-cv-66-JDL, 2020 WL 3963868, at *5 (D. Me. July 13, 2020).

Mary Hebbard is the plaintiff and a counterclaim defendant in the state court action, and Richard Hebbard is a third-party defendant. Thus, neither have standing to remove the state court action to this court. Accordingly, the district judge should remand the case to the New Hampshire Supreme Court.

B. <u>Jurisdiction</u>

Even if removal were otherwise appropriate, which it is not, the motion to remand should be granted for lack of jurisdiction. As the removing parties, the Hebbards bear the burden of showing that subject matter jurisdiction exists in this case. Rhode Island v. Shell Oil Prod. Co., 35 F.4th 44, 52 (1st Cir. 2022). "[B]ecause removal jurisdiction raises serious federalism concerns, [the court] construe[s] removal statutes <u>strictly</u> and <u>against</u> removal." Id.

4

In the notice of removal, the Hebbards asserted subject matter jurisdiction based on a federal question pursuant to § 1331.[4] Doc. no. 1, at 5. More specifically, the Hebbards assert that they "seek to redress deprivation of their property without compensation, and, deprivation of their property rights, privileges or immunities secured by the Constitution and laws of the United States," citing the Fifth and Fourteenth Amendments.[5] Id.

Under the well-pleaded complaint rule, "[w]hether a case arises under federal law typically is determined from what necessarily appears on the face of a plaintiff's complaint, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." Shell Oil Prod. Co., 35 F.4th at 51. While some limited exceptions to the well-pleaded complaint rule exist, the Hebbards have not invoked any exception. See id. at 51-52.

The Hebbards point to nothing in their complaint that alleges a <u>federal</u> claim and admit that neither the Superior Court nor the New Hampshire Supreme Court addressed any issue pertaining to the Hebbards' federal constitutional rights. Instead, the Hebbards represent that the Superior Court's order, not actions by Dover, violated their federal rights and took their property without compensation.[6] The Hebbards appear to acknowledge that they did not raise federal questions in

---

[4] The Hebbards also assert that jurisdiction exists under 28 U.S.C. § 1367. They are mistaken. Section 1367 provides grounds for supplemental jurisdiction over state law claims when the district court has original jurisdiction. Section 1367 does not provide grounds for original jurisdiction. Because original subject matter jurisdiction is lacking in this case, supplemental jurisdiction under § 1367 does not exist.

[5] The Hebbards also cite the New Hampshire Constitution, which is not material to the jurisdictional issue. See § 1331.

[6] Dover raises the Rooker-Feldman doctrine in response to the Hebbards' challenges to the merits of the state court decisions. The Rooker-Feldman doctrine does not apply unless the state court proceedings have ended before the suit is brought in federal court. Coggeshall v Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 663-64 (1st Cir. 2010). The New Hampshire Supreme Court has not yet ruled on the Hebbards' motion for reconsideration, with the result that the state court action has not yet ended.

5

the state court action but instead plan to raise those claims here: "Now that some papers had been exchanged, and it appeared [the Hebbards] constitutional property rights were under attack, [the Hebbard's] legal remedies in state court had not yet been exhausted, and so they pursued those remedies." Doc. no. 84, at 8. A removing party's plan to pursue federal claims after removal does not provide subject matter jurisdiction for removal under the well-pleaded complaint rule.

## CONCLUSION

For the foregoing reasons, the district judge should deny the Hebbards' motion to strike (document no. 14), grant defendants' motion to remand (document no. 6), and remand the case to the New Hampshire Supreme Court. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

September 4, 2024

cc:   Mary Hebbard, Pro Se.
      Richard Hebbard, Pro Se.
      Joshua M. Wyatt, Esq.
      Courtney H. G. Herz, Esq.
      Christopher G. Aslin, Esq.